IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELISABETH STURGILL,<br><br>  Plaintiff,<br><br>v.<br><br>THE BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST,<br><br>  Defendant. | Case No. 1:19-cv-925-JPW<br>(Honorable Jennifer P. Wilson) |

## SEPARATE STATEMENT OF MATERIAL FACTS

As required by LR 56.1, Defendant Boilermaker-Blacksmith National Pension Trust files this statement of material facts as to which Defendant contends there is no genuine issue to be tried:

1. Defendant Boilermaker-Blacksmith National Pension Trust is an "employee benefit plan" under the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* Doc. 1 ¶ 3; Doc. 8 ¶ 3.

2. The Thirteenth Restatement of the Pension Plan Document governs benefits payable from Defendant. Ex. 1 at 9 (Introduction).

3. The Plan grants discretion to the Board of Trustees to interpret the Plan and determine eligibility for benefits. *Id.* at 22 (Plan Section 10.01(i)).

4. John Martin was a vested participant in Defendant. Ex. 2 at 12.

5. On June 1, 2017, Mr. Martin died. *Id.* at 18.

6. Shortly afterwards, Plaintiff Elisabeth Sturgill contacted Defendant about Mr. Martin's passing. *See id.* at 19.

7. She claimed to be Mr. Martin's common-law spouse. *Id.*

8. If Plaintiff was Mr. Martin's spouse, she would be entitled to receive the Survivor Annuity Portion of a 50% Husband-and-Wife Pension. Ex. 1 at 13 (Plan Section 7.01(a)(3)).

9. For Plaintiff, this would mean that she would receive $2,443.42 a month for the rest of her life. Ex. 2 at 6.

10. But if Plaintiff is not Mr. Martin's spouse, Plaintiff—as Mr. Martin's designated beneficiary—receives 60 monthly payments. Ex. 1 at 12 (Plan Section 7.01(a)(2)).

11. Under this scenario, Plaintiff would receive 60 monthly payments of $2,588.58. Ex. 2 at 6.

12. The Plan, in relevant part, defines spouse as "[a] person who is legally married to the Participant, pursuant to the requirements of Federal Law…." Ex. 1 at 10–11 (Plan Section 1.35).

13. To prove that Plaintiff was Mr. Martin's common-law spouse, Defendant asked Plaintiff to complete an "Affidavit of Common-Law Marriage." *See* Ex. 2 at 17.

14. Plaintiff returned that document, indicating that she and Mr. Martin had lived together as spouses since September 1997 to June 2017 in Pennsylvania. *See id.*

15. She also submitted the death certificate; a narrative from her, her sons, her brother, and his father; various documents indicating that they owned multiple cars together; a letter indicating that Mr. Martin was on Plaintiff's health insurance from January 1, 2014 to September 30, 2015; an insurance declaration from 2007; and a joint bank account statement from July 2002. *Id.* at 18–37.

16. Defendant reviewed these documents, along with the Beneficiary Card that Mr. Martin had submitted in 2011. *Id.* at 15–16.

17. This card listed Plaintiff as Mr. Martin's fiancée, and listed his marital status as "Divorced." *Id.* at 13.

18. Upon advice from its legal counsel, Defendant concluded that Plaintiff was not Mr. Martin's common-law spouse because Mr. Martin listed Plaintiff as his fiancée—not his wife. *Id.* at 14.

19. Plaintiff's counsel contacted Defendant nearly a year later contesting this decision. *See id.* at 42–43.

20. But Defendant held to its original conclusion. *Id.* at 38.

21. In responding to Plaintiff's counsel, Defendant also noted that the death certificate listed Plaintiff as Mr. Martin's fiancée. *Id.*

22. In this letter, Defendant did not explain Plaintiff's appeal rights. *Id.*

23. On May 30, 2019, Plaintiff filed this suit. *See* Doc. 1.

24. Upon receiving this Complaint and reviewing its records, Defendant extended appeal rights to Plaintiff on July 29, 2019. Ex. 2 at 54–59.

25. Defendant requested that Plaintiff submit any additional materials by October 31, 2019. *Id.* at 54.

26. On November 25, 2019, Plaintiff submitted additional materials and arguments. *Id.* at 60–85.

27. In this letter, however, Plaintiff never addressed the death certificate or the Beneficiary Card. *See id.*

28. Defendant considered the appeal on March 19, 2020. *See id.* at 1.

29. Defendant denied the appeal on the same grounds as before, but additionally noted that the insurance declaration form from 2007 listed Mr. Martin as single. *Id.* at 1–4.

Dated: September 14, 2020                              Respectfully Submitted,

**BLAKE & UHLIG, PA**

/s/ Nathan Kakazu
Nathan Kakazu
MO Bar No. 70157
*Admitted pro hac vice*
Blake & Uhlig, P.A.
753 State Avenue, Suite 475
(913) 321-8884
(913) 321-2396 – Fax
nak@blake-uhlig.com
**Attorney for Defendant**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2020, the foregoing was electronically filed using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/Nathan Kakazu