IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELISABETH STURGILL, <br><br> Plaintiff, <br><br> v. <br><br> THE BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST, <br><br> Defendant. | Case No. 1:19-cv-925-JPW <br> (Honorable Jennifer P. Wilson) |

# DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF MATERIAL FACTS

As required by L.R. 56.1, Defendant submits this response to Plaintiff's Separate Statement of Material Facts (Doc. 22) and submits its Statement of Additional Material Facts.

1.  John Martin ("Martin") made contributions to the Boilermaker-Blacksmith National Pension Plan (the "Plan") from 1982 to 1984 and again from 1999 until 2017. Ex. A; Doc. No. 1 ¶16. *Undisputed.*

2.  Defendant The Boilermaker-Blacksmith National Pension Trust ("Defendant") is tasked with the administration and oversight of the Plan. *Undisputed.*

3.  Martin passed away on June 1, 2017. *Undisputed.*

4.  From 1998 until his demise, Martin resided with Plaintiff Elisabeth Sturgill ("Sturgill"). *Undisputed.*

5.  Martin had not retired prior to his death. *Undisputed.*

6.  At the time of his death, Martin was 100% vested in the Plan. *Undisputed.*

7.  On October 29, 2011, Martin designated Sturgill as the sole beneficiary under the Plan. Ex. A; Doc. No. 1, ¶ 18; Ex. B, pg. BNF 0451. *Undisputed.*

8.	The designation was received by Defendant on November 7, 2011.  Ex. B, pg. BNF 0451.  *Undisputed.*

9.	The designation noted Sturgill as Martin's fiancé.  Ex. B, pg. BNF 0451.  *Undisputed.*

10.	Pursuant to the terms of the Plan, a spouse is entitled to receive a death benefit.  Ex. A; Doc. No. 1, ¶ 30.  Ex. B, pg. BNF 0439.  *Undisputed.*

11.	Spouse is defined under the terms of the Plan as "[a] person who is legally married to the Participant, pursuant to the requirements of Federal Law."  Ex. B, pg. BNF 0439.  *Undisputed.*

12.	Sturgill held herself out as the spouse of Martin and, believing herself to be his spouse, applied for the death benefit.  Ex. A; Doc. No. 1, ¶ 28.  *Defendant does not dispute that Plaintiff believed herself to be Mr. Martin's spouse.  Defendant also does not dispute that she applied for the death benefit.  Defendant disputes that Plaintiff held herself out as Mr. Martin's spouse.  On Mr. Martin's beneficiary card, he listed her as his fiancé.  Doc. 22-1 at 23.  And, on his death certificate, Plaintiff was listed as his fiancée.  Id. at 28.  Finally, a 2007 insurance declaration form listed Mr. Martin as single.  Id. at 40.*

13.	The Plan accepts Common Law Affidavits as acceptable proof of marriage.  Ex. B, pg. BNF 0501.  *Defendant does not dispute that it uses the Common Law Affidavit to establish if a participant has a common-law spouse.  But Defendant disputes this fact to the extent it presumes that simply completing a Common Law Affidavit is sufficient to establish a common-law marriage.  See Doc. 22-1 at 25–27.*

14.	Sturgill submitted an Affidavit of Common-Law Marriage (the "Affidavit") to the Defendant, dated July 22, 2017.  Ex. B, BNF 0455.  *Undisputed.*

2

15. Sturgill submitted multiple affidavits completed by relatives and persons closely-affiliated with Sturgill and Martin indicating that the couple held themselves out to be husband and wife. Ex. B, BNF 0457 - 0461. *Undisputed.*

16. In addition to the Affidavit, Defendant submitted bank statements showing the existence of a joint bank account. Ex. B, pg. BNF 0471-0475. *Undisputed.*

17. Defendant, on December 27, 2017, made its initial determination and denied Plaintiffs application for Martin's death benefit. Ex. B, pg. BNF 0452. *Disputed. On December 27, 2017, Defendant denied Plaintiff's claim that she was Mr. Martin's common-law spouse. Doc. 25-2 at 14. Defendant did not deny Plaintiff's application for death benefits. See id.*

18. Defendant again denied Sturgill's application for benefits as the surviving spouse on October 12, 2018. Ex. B, pg. BNF 0476. *Undisputed.*

19. Pennsylvania recognized common law marriages entered in prior to 2005. Ex. A; Doc. No. 1 ¶ 15. *Undisputed, but Defendant notes that this sentence is a legal conclusion.*

20. Sturgill and Martin entered in to their relationship in 1998. Ex. A; Doc. No. 1 ¶ 20. *Defendant does not dispute that Mr. Martin and Plaintiff began cohabitating in 1998. Defendant disputes this fact to the extent it implies that Mr. Martin and Plaintiff entered into a common-law marriage at that point. On Mr. Martin's beneficiary card, he listed her as his fiancée. Doc. 22-1 at 23. And, on his death certificate, Plaintiff was listed as his fiancée. Id. at 28. Finally, a 2007 insurance declaration form listed Mr. Martin as single. Id. at 40.*

21. Sturgill and Martin shared bank accounts. Ex. B, pg. BNF 0471-0475. *Undisputed.*

22. Sturgill and Martin raised Martin's biological sons together. Ex. A; Doc. No. 1 ¶ 24. *Undisputed.*

23. Sturgill and Martin held joint title to their car. Ex. A; Doc. No. 1; Ex. B, pg. BNF 0467. *Undisputed.*

24. Defendant has not served any interrogatories upon the Plaintiff. *Undisputed.*

25. Defendant has not served any requests for production of documents. *Undisputed.*

26. Defendant has not deposed any witnesses. *Undisputed.*

27. The pleadings are now closed. *Undisputed.*

28. Discovery is now closed. *Undisputed.*

**DEFENDANT'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

29. Defendant is an "employee benefit plan" under the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* Doc. 1 ¶ 3; Doc. 8 ¶ 3.

30. The Plan governs what benefits are payable from Defendant. Doc. 25-1 at 9 (Introduction).

31. The Plan grants discretion to the Board of Trustees to interpret the Plan and determine eligibility for benefits. *Id.* at 22 (Plan Section 10.01(i)).

32. If Plaintiff was Mr. Martin's spouse, she would be entitled to receive the Survivor Annuity Portion of a 50% Husband-and-Wife Pension. *Id.* at 13 (Plan Section 7.01(a)(3)).

33. For Plaintiff, this would mean that she would receive $2,443.42 a month for the rest of her life. Doc. 25-2 at 6.

34. But if Plaintiff is not Mr. Martin's spouse, Plaintiff—as Mr. Martin's designated

beneficiary—receives 60 monthly payments.  Doc. 25-1 at 12 (Plan Section 7.01(a)(2)); Doc. 25-2 at 13.

35. Under this scenario, Plaintiff would receive 60 monthly payments of $2,588.58. Doc. 25-2 at 6.

36. Effective July 1, 2017, Plaintiff has received $2,588.58 a month, and will continue to receive that amount each month until June 2022.  *Id.*

37. When initially reviewing Plaintiff's claim in December 2017, Defendant reviewed Mr. Martin's beneficiary card, in addition to the documents she submitted.  *Id.* at 15–16.

38. When Plaintiff wrote in October 2018 again contesting Defendant's initial decision rejecting her claim to be a common-law spouse, Plaintiff provided no further evidence supporting her claim.  *Id.* at 42–43.

39. In responding to Plaintiff's counsel in October 2018, Defendant also noted that the death certificate listed Plaintiff as Mr. Martin's fiancée.  *Id.* at 38.

40. On November 25, 2019, Plaintiff submitted additional materials and arguments in support of her appeal.  *Id.* at 60–85.

41. During the appeal process, the only new documentation Plaintiff submitted was a Duplicate Notice of Cancellation from Nationwide, *id.* at 76, a bank statement from July 2002, *id.* at 79, and a bank statement from October 2005, *id.* at 81.

42. Defendant considered the appeal on March 19, 2020.  *See id.* at 1.

43. Defendant denied the appeal on the same grounds as before, but additionally noted that the 2007 insurance declaration form listed Mr. Martin as single.  *Id.* at 1–4.

Dated: October 5, 2020                              Respectfully Submitted,

**BLAKE & UHLIG, PA**

/s/ Nathan Kakazu
Nathan Kakazu
MO Bar No. 70157
*Admitted pro hac vice*
753 State Avenue, Suite 475
Kansas City, KS 66101
(913) 321-8884
(913) 321-2396 – Fax
nak@blake-uhlig.com
**Attorney for Defendant**

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 5, 2020, the foregoing was electronically filed using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

      /s/Nathan Kakazu