IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELISABETH STURGILL,<br><br>    Plaintiff,<br><br>v.<br><br>THE BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST,<br><br>    Defendant. | Case No. 1:19-cv-925-JPW<br>(Honorable Jennifer P. Wilson) |

### REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I.   Plaintiff's Responsive Statement of Facts insufficiently disputes the facts set forth in Defendant's Statement of Facts.**

Initially, Defendant notes that Plaintiff appears to incorporate her Statement of Undisputed Facts (Doc. 22) into her Responsive Statement to Defendant's Statement of Facts. *See* Doc. 30 at 1.  But the Local Rules bar parties from incorporating by reference any material from other filings.  *See* LR 7.8(a).  Further, this statement would be insufficient for LR 56.1, which requires parties to specifically respond to each paragraph in the moving party's statement of facts.  By attempting to incorporate her statement of facts without explaining what specific facts she disputes, the Court's ability to evaluate the motion is hindered.  *See Landmesser v. Hazleton Area Sch. Dist.*, 982 F. Supp. 2d 408, 413 (M.D. Pa. 2013) ("These statements are not merely superfluous abstracts of the evidence.  Rather, they are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions.  They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own." (quoting *Rocuba v. Mackrell*, No. 3:10-1465, 2011 WL 6782955 (M.D. Pa. Dec. 21, 2011) (internal quotation marks

and further citation omitted))). As such, the Court should not consider Plaintiff's Statement of Facts as disputing any facts in Defendant's statement.

Instead, the Court should focus on the statements Plaintiff specifically disputes: paragraphs 7, 18, 20, 27, 28, and 29. *See* Doc. 30. Plaintiff, however, insufficiently disputes these facts. Specifically, Plaintiff disputes paragraphs 7, 18, 20, 27, and 29 by simply citing paragraphs 19 and 20 of the Complaint. *See id.* "[A]llegations disputed in a responsive pleading…are not evidence that can support or withstand summary judgment." *Melendez-Spencer v. Shack*, 747 F. App'x 910, 913 (3d Cir. 2018). Defendant disputed both paragraphs 19 and 20 of the Complaint. *See* Doc. 8 ¶¶ 19, 20. Thus, the Court should deem paragraph 7, 18, 20, 27, and 29 admitted. *See* LR 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.").

Further, Plaintiff disputes a part of paragraph 18 and all of paragraph 28 without any cites to the record. Instead, Plaintiff simply disputes part of paragraph 18 because "Plaintiff is without information or belief as to the discussion between Defendant and its legal counsel with respect to Plaintiff's marital status." Doc. 30 ¶ 18. And she disputes paragraph 28 by claiming, "[a]s is obvious from the filings, Defendant considered limited facts in its favor and obviously disregarded (1) the rebuttable presumption and (2) the facts supporting common law marriage." *Id.* ¶ 28.

"Statements of material facts in support of, or in opposition to, a motion shall include references *to the parts of the record that support the statements*." LR 56.1 (emphasis added). Indeed, as the Supreme Court has instructed, "the nonmoving party [must] go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and

2

admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c)). As such, because Plaintiff has failed to identify specific parts of the record showing a genuine dispute of these facts, the Court should deem these facts admitted as well.

**II.     The arbitrary and capricious standard of review applies.**

Plaintiff asserts—without authority—that the Court should not defer to Defendant's reasonable decision because it was not construing the Plan when making its decision. Doc. 29 at 3. Instead, Plaintiff claims, "this Court is tasked with determining the validity of a common law marriage." *Id*. Plaintiff posits that, had she filed a declaratory action to establish her alleged common-law marriage, Defendant would be required to honor the outcome of that action. *Id*.

Plaintiff misconstrues the question at issue in a suit under § 1132(a)(1)(B), which is the cause of action that she choose. *See* Doc. 1. Because Plaintiff asserted an ERISA claim for benefits instead of a declaratory action to establish her common-law marriage, the question is not simply whether Plaintiff has a valid common-law marriage. "The focus of this Court's inquiry is whether, based on the record before it at the time of the decision, Defendant's determination that Plaintiff was not in a common law marriage with [the participant], and thus not entitled to the joint and survivor annuity, was arbitrary and capricious, *i.e.* 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Murray v. IBEW Local Union No. 98 Pension Plan*, No. 10-3852, 2011 WL 1883189, at *7 (E.D. Pa. May 17, 2011). Defendant has this discretion because it not only has discretion to construe the Plan's terms, but also has discretion to determine eligibility for benefits. *See* Doc. 25-1 at 22 (Plan Section 10.01(i)). Thus, the Court should review Defendant's decision under the arbitrary and capricious standard of review.

3

### III. Plaintiff fails to establish that a reasonable factfinder could conclude that Defendant's decision was unreasonable.

In challenging Defendant's decision, Plaintiff repeats what she has been saying: that submitting documents supporting her claim is all she needed to do to establish a rebuttable presumption of a common-law marriage. Doc. 29 at 4. And, she claims, Defendant has done nothing to undermine this presumption. *Id.* If all the documents that she had submitted uniformly showed that Plaintiff and Mr. Martin held themselves out as husband-and-wife, Plaintiff might be correct. But that isn't the case here. In multiple documents, Plaintiff is listed as Mr. Martin's fiancé. *See* Doc. 25-2 at 13, 18. And one document lists Mr. Martin as single. *Id.* at 30. Thus, Defendant had substantial evidence that Plaintiff and Mr. Martin had only a partial reputation of marriage, which is insufficient under Pennsylvania law to establish a rebuttable presumption of a common-law marriage. *See In re Estate of Dodge*, 522 A.2d 77, 80 (Pa. Super. Ct. 1987).

Plaintiff largely ignores this evidence. At best, in her Response to Defendant's Statement of Facts, she claims, "[I]t is disingenuous to, essentially take advantage of the fact that [Mr.] Martin is deceased and unable to explain the beneficiary card." Doc. 30 ¶ 27. The fact, however, that Mr. Martin is deceased and unable to explain his beneficiary card is precisely why Pennsylvania courts view claims of common-law marriages where one purported spouse is deceased with suspicion. *See Estate of Gavula*, 417 A.2d 168, 171 (Pa. 1980) ("[T]he law imposes a heavy burden on one who grounds his or her claim on an allegation of common law marriage. This is especially so where one of the parties is dead and the claim, so grounded, is to share in the distribution of the estate.").

Regardless, Plaintiff failed to address the other evidence relied on by Defendant either during her appeal or in her Response. She does not explain why the death certificate describes

4

her as Mr. Martin's fiancé or explain why that document does not support Defendant's conclusion.  Similarly, she never explains why the insurance form—which also lists Plaintiff as an insured—describes Mr. Martin as single.  Her failure to do so means that she has not met her burden of even establishing that a triable issue of fact exists about whether Defendant's decision was reasonable.  Thus, the Court should grant summary judgment in Defendant's favor.

**IV.    Defendant is not raising advice of counsel as an affirmative defense.**

Plaintiff asks the Court to estop Defendant from asserting an advice-of-counsel defense.  Doc. 29 at 4.  Plaintiff cites a single clause in Defendant's Separate Statement of Material Facts.  *Id.* (citing Doc. 25 ¶ 18).  Defendant never raises that defense in its motion.  Instead, Defendant was simply noting what the referenced letter explicitly said.  *See* Doc. 25-2 at 14.  Defendant did not intend that offhand statement to raise the advice-of-counsel defense.  Instead, the focus of this case is whether Defendant's decision was reasonable.  *See supra*.

**V.    Conclusion**

Pennsylvania law requires a proponent of a common-law marriage to prove such marriage with "clear and convincing evidence."  *In re Estate of Kovalchick*, 498 A.2d 374, 376 (Pa Super. Ct. 1985).  Despite some evidence supporting Plaintiff's claim, Defendant determined that the conflicting evidence prevents Plaintiff from meeting this burden.  Defendant reached this reasonable decision using the discretion given to it by the Plan.  Plaintiff has failed to show how this decision was unreasonable, and thus the Court should grant summary judgment in Defendant's favor.

Dated: October 19, 2020                                       Respectfully Submitted,

                                                       **BLAKE & UHLIG, PA**

                                                       /s/ Nathan Kakazu
                                                       Nathan Kakazu

MO Bar No. 70157
*Admitted pro hac vice*
753 State Avenue, Suite 475
Kansas City, KS 66101
(913) 321-8884
(913) 321-2396 – Fax
nak@blake-uhlig.com
**Attorney for Defendant**

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 19, 2020, the foregoing was electronically filed using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                        /s/Nathan Kakazu